IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEREMY SPENCER,

        Plaintiff,

   v.

WILLIAM ARCHER, JR., et al.,

        Defendants.

Case No. 2:25-cv-00785

Chief District Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## ORDER

On July 14, 2025, Plaintiff initiated this action. (Doc. 1). The case is currently before the Court on some preliminary matters.

### I. Motion to Proceed *In forma Pauperis*

As an initial matter, the Court considers Plaintiff's application to proceed *in forma pauperis*. (Doc. 1). It appears from Plaintiff's affidavit that he lacks the funds to pay the costs of initiating this action or give security for such costs. The Court therefore **GRANTS** the Motion (Doc. 1) and authorizes commencement of this action without prepayment of fees or costs.

### II. Motion for Appointment of Counsel

Next, the Court addresses Plaintiff's Motion for appointment of counsel. (Doc. 2). Although the Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993) (internal quotation omitted). Rather, "it is a privilege that is justified only by exceptional circumstances." *Id.* at 606. After considering the circumstances here, the Court finds that the appointment of counsel is not warranted at this time. Generally, a motion to appoint counsel is appropriate after a complaint survives motions to dismiss and motions for summary

judgment. The Court also makes every effort to appoint counsel in cases that proceed to trial. Since there is not yet an operative complaint in this matter, as discussed in more detail below, Plaintiff's request is premature.

The Court understands that Plaintiff faces challenges in litigating his case due to his *pro se* and *in forma pauperis* status. But Congress has not provided funds to compensate lawyers who represent indigent plaintiffs in cases like these. And there are not enough lawyers who can absorb the costs of representing such individuals to allow the Court to appoint counsel to all who request them. Plaintiff may wish to consult the *Pro Se* Handbook, which could be helpful as he litigates his case. *See* https://www.ohsd.uscourts.gov/pro-se-handbook. And the Court will reconsider requests for appointment of counsel if this case proceeds past motions for summary judgment. For now, Plaintiff's Motion for Assistance of Counsel (Doc. 2) is **DENIED without prejudice.**

### III.  Motions for ECF Access and to Consolidate Cases

Plaintiff also moves for access to the Court's electronic filing system (Doc. 3) and to consolidate this case with another case he filed in this District (Doc. 4). Both Motions (Docs. 3; 4) are **DENIED without prejudice**.

First, for the reasons stated below, the Complaint initially submitted by Plaintiff (Doc. 1-1) fails to comply with the Federal Rules of Civil Procedure. Until Plaintiff submits an operative, compliant pleading, this case may not proceed. Additionally, Plaintiff has had no trouble filing motions and notices with the Court through the Clerk's Office and postal system. Therefore, at this stage, Plaintiff has failed to demonstrate that consolidation of his cases or access to the Court's electronic filing system is warranted. Plaintiff's Motions for access to the Court's electronic filing system (Doc. 3) and to consolidate this case with No. 2:25-cv-780 (Doc. 4) are therefore **DENIED without prejudice**.

### IV. Plaintiff's Complaint

Finally, as noted, Plaintiff's Complaint (Doc. 1-1) fails to comply with the Federal Rules. The Complaint is over 30 pages long, includes allegations against four Defendants, and concerns his court proceedings in the Vinton County, Ohio, courts. (Doc. 1-1 at 1–31).

In short, the Complaint does not comply with Federal Rule of Civil Procedure 8(a), which provides that a complaint must contain a "short and plain statement of the claim." The Complaint also contains pages of legal argument, which is also improper. (Doc. 1-1 at 32–41); *see Hall v. Bush*, No. 1:20-cv-731, 2020 WL 13982500, at *3 (W.D. Mich. Dec. 30, 2020) ("A complaint should therefore allege facts satisfying the elements of the claim at issue but should not contain legal arguments, cite case law or other legal authority, or contain extraneous matter.") (collecting cases). Although complaints may be dismissed for lack of compliance with Rule 8, the Undersigned will provide Plaintiff an opportunity to file an Amended Complaint that conforms with Rule 8(a) and corrects the typographical errors mentioned in his recent Notices (Docs. 8, 9). *Cf. Shabazz v. Xerox*, No. 1:14-cv-578, 2014 WL 4181600, at *1, *3 (S.D. Ohio Aug. 21, 2014) (collecting cases).

If Plaintiff wishes to proceed in this action, he is **ORDERED** to file an Amended Complaint, **which must not exceed 20 pages in length**. The Amended Complaint must set forth in clear, short, and concise terms the names of each Defendant, the specific claims for relief attributable to each Defendant, and the factual allegations supporting each claim. As required by Local Rule 5.1, the Amended Complaint should be legible, typed, and double-spaced. *See* S.D. Ohio Civ. R. 5.1. Plaintiff must file his Amended Complaint **within thirty (30) days of the date of this Order**.

Plaintiff is advised that failure to comply with this Order may result in the dismissal of this action for want of prosecution. If he needs additional time to comply with this Order, he must file a motion for extension of time.

IT IS SO ORDERED.


Date: July 25, 2025                         /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE