## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JEREMY SPENCER,

        Plaintiff,         :

    v.                        **Case No. 2:25-cv-785**
                                  **Chief Judge Sarah D. Morrison**
JEFFERY R. GRIFFITH, *et*         **Magistrate Judge Kim A. Jolson**
*al.*,                    :

        Defendants.

## <u>OPINION AND ORDER</u>

Jeremy Spencer brought this action without assistance of counsel alleging violations of his civil rights. The Magistrate Judge performed an initial screen of Mr. Spencer's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). The resulting Report and Recommendation recommends that all of Mr. Spencer's federal claims be dismissed with prejudice and that the Court decline to exercise supplemental jurisdiction over Mr. Spencer's state-law claims. (R&R, ECF No. 13.)

Mr. Spencer filed objections to the R&R[1]. (Objs., ECF No. 19.) He also filed a Memorandum in Opposition to this Federal Court Assertion of Absolute Judicial Immunity as Applied in this Case (ECF No. 20) and a Memorandum in Opposition

---

[1] Mr. Spencer also filed two "Objection[s] to Time Computation and Motion for Extension of Time under Fed. R. Civ. P. 6(b)." (ECF Nos. 18, 19.) His Motion for an extension of time is **GRANTED**, and the Court deems his Objections to the R&R timely filed. With that said, the Court **CAUTIONS** Mr. Ford that curse words and swearing are inappropriate in court filings – the Court will nonetheless consider his Objections as currently filed, but warns that any future filings containing such language will be struck from the docket.

to Defendant Griffith's Assertion of Absolute Judicial Immunity (ECF No. 21). The Court construes these two later filings as part of Mr. Spencer's Objections.

After he lodged his objections to the R&R, Mr. Spencer filed a Motion for Leave to File Amended Complaint (ECF No. 23) and a Motion for Leave to Exceed Page Limitations (ECF No. 22).

The Court addresses Mr. Spencer's Objections to the R&R before turning to his Motion to Amend.

## I.     Objections to the R&R

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court considers Mr. Spencer's claims in the same order that the Magistrate Judge considered them.

### A. Judge Griffith's Judicial Immunity

The Magistrate Judge concluded that Mr. Spencer has failed to allege facts overcoming Judge Jeffrey R. Griffith's judicial immunity. Judge Griffith is a County Court Judge in Vinton County, Ohio.[2]

---

[2] The Magistrate Judge incorrectly refers to the state court below as the Vinton County Municipal Court. It is the Vinton County Court.

Municipal and county courts are created by the General Assembly in Ohio Rev. Code §§ 1901 and 1907. When municipal courts exercise countywide

Mr. Spencer objects to the Magistrate Judge's conclusion, arguing that she failed to assume the truth of his factual allegations and that the functions performed by Judge Griffith were not judicial in nature.

After a liberal review of the Amended Complaint and Objections, it is clear that Judge Griffith's challenged conduct is judicial in nature. By way of example and not limitation, a judge's refusal to rule on a motion, accepting or approving a defendant's plea of guilty, and presiding over a hearing are judicial functions. Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). All of Mr. Spencer's allegations address Judge Griffith's conduct in adjudicating county court proceedings. His Objections are **OVERRULED**.

Mr. Spencer's federal claims against Judge Griffith are barred by judicial immunity and are hereby **DISMISSED**.

**B. Defendant Archer's Prosecutorial Immunity**

The Magistrate Judge next concluded that Defendant William L. Archer, Jr. (Vinton County Prosecutor) is entitled to prosecutorial immunity, stating:

> Plaintiff challenges Archer's actions in the prosecution of the underlying [county] court cases and, more specifically, in the proceedings relating to Plaintiff's guilty plea. The challenged actions

jurisdiction, no county court is needed. A county court is needed if an area of a county is not served by a municipal court. The subject-matter jurisdiction of municipal and county courts is nearly identical. Both municipal and county courts have the authority to conduct preliminary hearings in felony cases, and both have jurisdiction over traffic and non-traffic misdemeanors. Both courts also have limited civil jurisdiction (they may hear civil cases in which the amount of money in dispute does not exceed $15,000).

fall squarely within the ambit of prosecutorial immunity. *See Fields v. Hall*, 2009 WL 274965, *3 (S.D. Ohio, February 4, 2009) ("Since plaintiff's claims against [the defendant prosecutor] relate to his conduct before the grand jury and as an advocate for the State during plea negotiations, the conduct in question falls squarely under the prosecutorial absolute immunity bar recognized in *Imbler* and *Buckley*."); *see also Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012) (citations omitted) ("A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity."); *Ghaith v. Rauschenberger*, 493 F. App'x 731, 740 n.4 (6th Cir. 2012) (concluding that prosecutors' actions at bond hearing "would be shielded by absolute prosecutorial immunity . . . since they were acting as advocates"); *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009) (citation and quotations omitted) (holding that "[c]onduct associated with plea bargains has long been held by this court to be so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity"); *Gooding v. Gonzales*, No. 3:10CV33, 2011 WL 841261, at *5 (W.D. Va. Mar. 7, 2011) (collecting cases) (holding that prosecutors' actions related to a detention hearing, plea negotiations, and sentencing proceedings were "all part of the criminal process arising after probable cause exists" and, therefore, entitled to absolute immunity).

(R&R, PageID 386.)

Mr. Spencer argues that this analysis is flawed because it did not analyze that the alleged conduct was administrative coercion rather than courtroom advocacy. But Mr. Spencer's Objections only prove the Magistrate Judge's conclusion to be correct – his Objections highlight five allegations that relate to the plea-bargaining process,[3] which is squarely within the conduct entitled to prosecutorial immunity.

---

[3] In his Objections, Mr. Spencer re-states the following allegations about Mr. Archer: (1) he used certain property as leverage during plea discussions; (2) he conditioned the return of property on a plea agreement; (3) he rejected certain language in a plea agreement; (4) he held on to certain property during negotiations, and; (5) he participated in an off-record execution of a plea. (Objs., PageID 440.)

4

Mr. Spencer's Objections are **OVERRULED** and his claims against Defendant Archer under §§ 1983, 1985, and 1986 are **DISMISSED**.

## C. Federal Claims against Defendant Reynolds

Defendant Shelley Reynolds is the Vinton County Court Clerk. As to the claims against her, the Magistrate Judge concluded that Mr. Spencer had failed to allege facts establishing her personal involvement in the allegedly unconstitutional conduct and that, even if he had so pled, she is entitled to quasi-judicial immunity.

In his Objections, Mr. Spencer asserts that he has sufficiently alleged that Ms. Reynolds committed specific ministerial failures, and he provides four examples. (Objs., PageID 441.) However, to state a claim under 42 U.S.C. §§ 1983 and/or 1985, a plaintiff must allege a violation of the United States Constitution or federal law. *See* 28 U.S.C.§§ 1983, 1985. As the Magistrate Judge correctly found, assuming Mr. Spencer's allegations are true, they are not allegations of a violation of federal law or the U.S. Constitution.

Mr. Spencer's federal claims against Ms. Reynolds also fail because she is entitled to quasi-judicial immunity. The improper ministerial duties that she allegedly performed fall into the heartland of conduct that such immunity is intended to cover. *See Ayers v. Reynolds*, No. 94-4124, 1995 WL 386435, at *2 (8th Cir. 1995) (finding a clerk of court to be entitled to quasi-judicial immunity, noting "[f]iling court orders and preparing and transmitting them are functions closely associated with the judicial process"); *Hargis v. Jones*, 986 F.2d 1421, 1993 WL 24146, at *1 (6th Cir. 1993) (finding a clerk of court to be entitled to quasi-judicial

5

immunity in connection with the alleged loss of state court criminal trial transcripts and that allegation that defendant "lied to the courts about his trial records"); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (finding that a claim against court clerks who failed to provide the plaintiff with copies of previous filings and transcripts properly dismissed based on quasi-judicial immunity).

Mr. Spencer's Objections are **OVERRULED** and his federal claims against Defendant Reynolds are **DISMISSED**.

### D. Federal Claims against Defendant Clark

Mr. Spencer also named his defense attorney, John Clark, Jr., as a defendant in this suit. The Magistrate Judge recommended the federal claims against Mr. Clark be dismissed because Mr. Clark was not acting under color of state law within the meaning of 42 U.S.C. § 1983 and because Mr. Spencer's allegations of a conspiracy are insufficient to state a cognizable claim.

The Court has reviewed the Amended Complaint and Objections and agrees with the Magistrate Judge that Mr. Spencer has failed to state federal claims against Mr. Clark. The Objections are **OVERRULED** and his federal claims against Defendant Clark are **DISMISSED**.

### E. Withdrawn Claims

After reviewing the R&R, Mr. Spencer withdrew his RFRA claim and his Article III claim. (Objs., PageID 444, 446.) Accordingly, those claims are **DISMISSED without prejudice**.

### F. Other Federal Claims

6

The Magistrate Judge also concluded that Mr. Spencer failed to state a claim for fraud on the court because he does not challenge any actions by Defendants before this Court. In his Objections, Mr. Spencer concedes that the alleged actions by Defendants did not happen before this Court, arguing that this conclusion deprives him of an adequate remedy. (Objs., PageID 444–45.) He also argues that these allegations support his Fourteenth Amendment due process claim. (*Id.*, PageID 446.)

As to Mr. Spencer's first argument, the law is clear that a plaintiff can maintain a claim for fraud upon the court only in the court where the alleged fraud was committed. *See Stephens v. Nat'l City Corp.*, 1:19-cv-784, 2020 WL 435439, at *8 (N.D. Ohio Jan. 28, 2020). To the extent that Mr. Spencer claims that these facts support his due process claim, the Court did consider them when it addressed his constitutional claims *supra*.

The Objections are **OVERRULED** and his claim for fraud upon the court is **DISMISSED**.

### G. Claims against the Vinton County Board of Commissioners

Mr. Spencer also seeks to bring claims against the Vinton County Board of Commissioners, alleging that Vinton County maintained unconstitutional policies and failed to train or supervise Defendants Griffith, Archer, and Reynolds. He objects to the Magistrate Judge's dismissal of these claims by arguing, among other things, that the R&R erroneously referred to the Vinton County Court as a municipal court.

As discussed in footnote 1, Mr. Spencer is correct that the Magistrate Judge erred in referring to the court below as a municipal court. To that extent, the Objections are **SUSTAINED**. But that error does not alter the result. Mr. Spencer failed to identify any unconstitutional policy or custom, and he has failed to state a claim for a constitutional violation. A "failure to train" claim may serve as a basis for municipal liability only when the failure to train amounts to deliberate indifference to the rights of persons with whom the defendants come in contact. *See, Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). But Mr. Spencer has only generally alleged that the County inadequately trained the individual defendants – his assertions that the County "fail[ed] to train or supervise" the individual defendants (Am. Compl., PageID 124–125) are nothing more than a bare recitation of legal standards.

Even if he had stated a constitutional violation, Vinton County cannot be held responsible for the acts of County Court employees. Article IV of the Constitution of the state of Ohio establishes the Supreme Court, the Courts of Appeals and the Courts of Common Pleas, and it grants to the state legislature the exclusive power to establish other courts inferior to the Supreme Court. Ohio Constitution Article IV, § I. That power to establish inferior courts includes the authority to administer those courts, including the right to provide for the appointment, status, tenure and discharge of court employees. *See Dugan v. Civil Service Comm'n of Akron*, 9 Ohio App.3d 218, 219 (Ohio Ct. App. 1983) (citing *State, ex rel. Cleveland Municipal Court, v. Cleveland City Council*, 34 Ohio St.2d 120, 296

N.E.2d 544 (1973)); *State, ex rel. Ramey, v. Davis*, 119 Ohio St. 596, 165 N.E. 298 (1929); *State, ex rel. Welsh, v. Hoffman*, 68 Ohio App. 171, 40 N.E.2d 204 (1941); and *Underwood v. Isham*, 61 Ohio App. 129, 22 N.E.2d 468 (1939). And pursuant to that power, the Ohio General Assembly created the Vinton County Court in Ohio Rev. Code § 1907.11(A). Thus, Vinton County has no authority over the individual defendants.

The Objections are **OVERRULED** and his § 1983 claim against Vinton County Board of Commissioners is **DISMISSED**.

### H. Mr. Spencer's State Law Claims

Finally, with regard to Mr. Spencer's state law claims, the Magistrate Judge recommended that this Court should decline to exercise pendent jurisdiction over Plaintiff's remaining state-law claims. Mr. Spencer objects to this recommendation because he asserts that he has stated valid federal claims. However, as discussed above, no federal claims remain. So, this Court agrees with the recommendation and declines to exercise supplemental jurisdiction over his state law claims.

### I. Mr. Spencer's mailing address

As a final matter arising from Mr. Spencer's Objections to the R&R, he says that he will be unable to collect paper mail at the mailing address that he has provided to the Court. (Objs., PageID 430-431.) However, he has provided no new address to the Court, and his most recent filing reflects the same return address. (ECF No. 23-2.)

9

The Sixth Circuit has found that a plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address."); *Watsy v. Richards*, 86-1856, 1987 WL 37151 (6th Cir. 1987) (affirming district court's dismissal of action under Rule 41(b) where the pro se plaintiff failed to update the district court of his current address). District courts within this Circuit likewise have repeatedly emphasized that parties have a continuing obligation to notify the court of any changes in address, including parties that are proceeding pro se. *See, e.g., Kimble v. Swanton Police Dep't*, 3:25-cv-1810, 2025 WL 3645133, at * 1 (N.D. Ohio Dec. 16, 2025); *Grogg v. Clark*, 2:15-cv-298, 2017 WL 123798, at * 1 (E.D. Tenn. Jan. 12, 2017); *Fountain v. Warden, Franklin Med. Ctr.*, 2:13-cv-271, 2013 WL 2468361, at * 1 (S.D. Ohio June 7, 2013), adopted by, 2013 WL 3467057 (S.D. Ohio July 9, 2013). Indeed, a plaintiff's failure to supply the Court with an updated address may subject the action to dismissal under Rule 41(b) for failure to prosecute. *See Fountain*, 2013 WL 2468361 at * 1; *Kosher v. Butler Cty. Jail*, 1:12-cv-51, 2012 WL 4808546, *2 (S.D. Ohio Sept. 9, 2012) ("Without such basic information as a Plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute."), adopted by, 2012 WL 4808473 (S.D. Ohio Oct. 10, 2012); *Walker v. Cognis Oleo Chem., LLC*, 1:07-cv-289, 2010 WL 717275 at *1 (S.D. Ohio Feb. 26, 2010).

Accordingly, Mr. Spencer is advised that he must promptly notify the Court if his mailing address has changed.

### J. Conclusion

On *de novo* review of the record and filings, the Court finds no error in the Magistrate Judge's reasoning or conclusions. Even holding Mr. Spencer's *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers, as this Court is required to do, he has failed to sufficiently allege any federal claims.

## II. Motion to Amend the Complaint[4]

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." *Neitzke v. Williams*, 490 U.S. 319, 329, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Further, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). Therefore, dismissal of a pro se plaintiff's complaint for failure to state a claim "is appropriate only where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [him] an opportunity to amend [his] complaint would be futile." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotation omitted).

---

[4] In conjunction with seeking to amend his Complaint, Mr. Spencer also filed a Motion for Leave to Exceed Page Limitations (ECF No. 22). Because of the Court's ruling on the Motion to Amend, Mr. Spencer's Motion regarding page limits is **DENIED** as moot.

Here, Mr. Spencer has already amended his complaint once. Allowing another amendment would be futile. Accordingly, the dismissal of federal claims is with prejudice.

## IV.     Conclusion

Mr. Spencer sought to withdraw the claims that he attempted to assert under RFRA and Article III. (ECF No. 19.) Those claims are **DISMISSED without prejudice**.

Mr. Spencer's Objections are **OVERRULED** (*Id*.)**,** except that his objection to the R&R referring to the Vinton County Court as a municipal court is **SUSTAINED**.

The Report and Recommendation (ECF No. 13) is **ADOPTED** and **AFFIRMED** except for the Magistrate Judge's conclusions regarding (1) Mr. Spencer's RFRA and Article III claims, and (2) clarifying that the Vinton County Court is not a municipal court.

Mr. Spencer's RFRA and Article III claims are **DISMISSED without prejudice,** and all of his other federal claims are **DISMISSED with prejudice;** his state law claims are **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

12