**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JEREMY SPENCER,

      **Plaintiff,**

                    **:**

                              **Case No. 2:25-cv-785**

v.                                 **Chief Judge Sarah D. Morrison**

                              **Magistrate Judge Kimberly A. Jolson**

WILLIAM ARCHER, JR., *et al.*,     **:**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Jeremy Spencer's Motion to Alter or Amend Judgment. (Mot., ECF No. 26.) Mr. Spencer asks the Court to vacate its April 7, 2026 Order affirming and adopting the Magistrate Judge's Report and Recommendation over Mr. Spencer's Objections, dismissing his case, and denying his Motion for Leave to Amend. (*Id.*) Alternatively, he requests leave to further amend his complaint to cure deficiencies. (*Id.*) For the reasons below, the Motion is **DENIED**.

## I.    BACKGROUND

In May 2024, Officers from the Ohio Department of Natural Resources ("ODNR") and the Vinton County Sheriff's Department ("VCSD") arrested Mr. Spencer at the Zaleski State Forest Shooting Range in Vinton County, Ohio. (*See* ECF No. 23-1, PAGEID # 492–94.) Mr. Spencer alleges that his arrest and the events that followed were part of an expansive conspiracy to violate his civil rights. (*See id.*)

Proceeding without the assistance of counsel, he initiated three actions in this district based on his arrest and the resultant investigation and state court criminal proceeding.[1] His first case, *Spencer v. Tilton, et al.*, 2:25-cv-780 (S.D. Ohio) (Watson, J.), concerned his arrest and the investigation conducted by ODNR and VCSD. His second case, *Spencer v. Cain, et al.*, 2:25-cv-781 (Graham, J.), was based on alleged violations that occurred during his pretrial detention at the Southeastern Ohio Regional Jail. Both cases were dismissed for failure to state a claim. *See Tilton*, 2:25-cv-780 (Doc. 14) (S.D. Ohio Dec. 3, 2025) (Watson, J.); *Cain*, 2:25-cv-781 (Doc. 8) (S.D. Ohio Dec. 1, 2025) (Graham, J.).

His third case – this one – focused on his criminal case in the Vinton County Court. He alleged that Vinton County Judge Jeffrey R. Griffith, Vinton County Prosecutor William L. Archer, Jr., and Vinton County Clerk of Courts Shelley Reynolds (the "Vinton County Defendants") violated his civil rights during and after his criminal proceeding. He also asserted various state and federal claims against his defense counsel, John Clark Jr., and the Vinton County Board of Commissioners.

Pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge conducted an initial screening of his Complaint and found that it failed to comply with Federal Rule of

---

[1] The Court may take judicial notice of matters of public record, including court records available to the public through the PACER system. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citation omitted).

Civil Procedure 8(a). (ECF No. 10.) Rather than recommend dismissal for lack of compliance, the Magistrate Judge allowed him to file an Amended Complaint. (*Id.*)

Mr. Spencer then filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1). (Am. Compl., ECF No. 11, PAGEID # 100.) The Amended Complaint was largely identical to his original Complaint but asserted two additional claims and included 250 pages of exhibits. After conducting an initial screening of the Amended Complaint and corresponding documents, the Magistrate Judge recommended dismissal of Mr. Spencer's case in its entirety. As relevant here, his federal claims against the Vinton County Defendants were fatally flawed because their alleged conduct was within the scope of their official duties, so they were immune from liability. He also failed to sufficiently plead his conspiracy claim against these Defendants and Mr. Clark because his allegations and the supporting record demonstrated no conspiratorial objective or deprivation of a constitutionally-protected right. Mr. Spencer objected to the R&R.

After he filed his Objections but before the Court ruled on them, Mr. Spencer moved for leave to further amend his Complaint. (ECF No. 23.) His proposed amendments reasserted many of the same claims and allegations as his Amended Complaint. However, Mr. Spencer also sought to add new claims and defendants, including resuscitated claims against the ODNR and VCSD Officials that this Court had previously dismissed. *Compare* ECF No. 23-1 *with Tilton*, 2:25-cv-780 (Doc. 6-1). Finding that Mr. Spencer failed to state viable federal claims and that further

amendment would be futile, the Court dismissed his federal claims with prejudice. (*See* Order, PAGEID ## 560–61.)

## II. STANDARD OF REVIEW

Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days of the Court's entry of judgment. A party seeking to alter or amend a judgment bears a heavy burden because such a motion "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted); *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). When a party seeks leave to amend a complaint under Rule 15 after an entry of judgment, the moving party must meet the same requirements established by Rule 59. *Leisure Caviar, LLC* 616 F.3d at 616. In other words, in the context of post-judgment motions, "the Rule 15 and Rule 59 inquiries turn on the same factors." *Id.* (citation omitted).

To demonstrate clear error, the party must identify a "manifest error" or show that "the original ruling overlooked or disregarded some argument or controlling authority[.]" *Thomas v. City of Circleville*, No. 2:23-cv-1474, 2025 WL 2734168, at *2 (S.D. Ohio Sept. 25, 2025) (Sargus, J.) (citation omitted). Similarly, manifest injustice requires the party to demonstrate "a fundamental flaw" or "obvious error" in the Court's decision that "without correction would lead to a

result that is both inequitable and not in line with applicable policy." *Id.* (citation omitted). Whether manifest injustice would result from denying a Rule 59(e) motion is a fact-specific inquiry that requires weighing the importance of bringing litigation to a close and "the need to render fair and just rulings." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010).

## III.   ANALYSIS

Mr. Spencer urges the Court to amend its judgment on the basis of clear error and to prevent manifest injustice. In support, he argues that the Court (1) mischaracterized his allegations "as procedural defects within jurisdiction rather than the absence of jurisdictional prerequisites"; (2) applied "immunity doctrines despite the absence of a lawfully invoked proceeding"; (3) relied "on a record and framework that did not account for the absence of required constitutional procedures"; (4) failed to liberally construe his pleadings as a pro se litigant; and (5) denied leave to amend "based on an incorrect understanding of the procedural posture[.]" (Mot., PAGEID # 565.)

Although difficult to parse, his first three challenges speak to the Court's finding that the Vinton County Defendants were immune from liability for their alleged conduct. (Mot., PAGEID # 565.) Mr. Spencer posits that "immunity does not apply where no lawful proceeding existed and jurisdiction never attached." (*Id.*, PAGEID # 568.) So, he argues the Court clearly erred in affording the Vinton County Defendants immunity when he alleged that his criminal case proceeded unlawfully and without jurisdiction. (*Id.*, PAGEID ## 566–68.) Similarly, his fourth challenge relates to the Court's acceptance of the Vinton County Defendants'

5

"characterizations of conduct as protected functions" and thus immune from suit and, by the same token, the Court's failure to accept as true his allegation that their "conduct occurred off-record, without required procedures, and through coercive or administrative means." (*Id.*, PAGEID ## 573–74.)

Mr. Spencer raised these same arguments in his Objections. (*See, e.g.*, ECF No. 19, PAGEID ## 437–41.) The Court rejected these arguments in its Opinion and Order. (*See* Order, PAGEID ## 551–55.) In so ruling, the Court not only accepted Mr. Spencer's allegations regarding the Vinton County Defendants' conduct as true, but the Court also had the benefit of reviewing records from the state court proceeding included with his Amended Complaint. The record failed to show any conduct by the Vinton County Defendants that fell outside of their official duties. While courts must liberally construe a pro se plaintiff's pleadings, courts need not read in facts that have not been alleged or accept as true conclusions that are contrary to the record.

His final challenge is to the Court's dismissal of his federal claims with prejudice and denial of leave to amend "based on an incorrect understanding of the procedural posture" of his case. (Mot., PAGEID # 565.) Federal Rule of Civil Procedure 15(a) provides that courts "should freely give leave" to amend a pleading "when justice so requires." When dismissing a case, courts should generally dismiss without prejudice and with leave to amend if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief[.]" *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)

(citation omitted). "There are circumstances, however, where justice counsels against amendment," such as repeated failure to cure deficiencies by amendments previously allowed and or where amendment would be futile. *Stanley v. Western Michigan University*, 105 F.4th 856, 868 (6th Cir. 2024) (citation omitted). "An amendment is futile 'when, after including the proposed changes, the complaint still could not withstand a Rule 12(b)(6) motion to dismiss.'" *Id.* (citation omitted).

The Court dismissed his federal claims with prejudice after finding that he had already amended his Complaint and that further amendment would be futile. (Order, PAGEID ## 560–61.) Mr. Spencer argues that his Amended Complaint was "not a substantive amendment to a valid complaint," so dismissal based on prior amendment was clearly erroneous. (Mot., PAGEID # 574–75.) But he did, in fact, substantively amend his Complaint by adding new claims and attaching exhibits. Even so, the Court dismissed his federal claims with prejudice because they were futile, not solely because he had previously amended his Complaint. Indeed, his proposed amendment included no new factual allegations regarding the Vinton County Defendants and thus failed to overcome the deficiencies identified in the R&R. As for his proposed additional claims against the ODNR and VCSD Officials, Mr. Spencer had two opportunities to amend his complaint in a separate proceeding in which he asserted these claims without success. *See Tilton*, No. 2:25-cv-870 (Docs. 6, 7, 12, 13). The Court finds no clear error or manifest injustice in denying Mr. Spencer further opportunity to assert deficient claims.

At bottom, Mr. Spencer disagrees with the Court's ruling. The proper avenue for disagreement is appeal, not reconsideration. Because Mr. Spencer has failed to carry the heavy burden that accompanies a Rule 59(e) Motion, his Motion to Alter or Amend Judgment (ECF No. 26) is **DENIED**. For the same reason, his request in the alternative for leave to amend his Complaint is **DENIED**. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) ("Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a).") (citation modified).

## IV.    CONCLUSION

For the reasons stated herein, Mr. Spencer's Motion to Alter or Amend Judgment (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8